IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA; JEREMY WESTFALL; RUSSELL BOURLAND; RICHI LESLEY | PLAINTIFFS |
| V. | CAUSE NO. 3:15-CV-00588-CWR-FKB |
| APOTHETECH RX SPECIALTY PHARMACY CORP.; CANCER SPECIALISTS, LLC; JOHN DOES 1-10 | DEFENDANTS |

**ORDER**

Before the Court is a motion by plaintiff-relators to seal the entire record of this *qui tam* action or, in the alternative, to unseal a redacted version of the record. The Government responds in opposition, asking the Court to unseal (1) Relators' Complaint; (2) Relators' Notice of Voluntary Dismissal; (3) the United States' Notice of Consent to Relators' Voluntary Dismissal; (4) the Court's Order dismissing the case; and (5) all matters occurring in this action after the date of that Order. The Government requests that all other papers on file in this action remain under seal, because they contain sensitive information about ongoing civil and criminal investigations.

**I.     Legal Standard**

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Sec. and Exch. Comm'n v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); L.U.Civ.R. 76(a) (court records are presumptively in the public domain). "[H]owever . . . the right to inspect and copy judicial records is not absolute." *Nixon*, 435 U.S. at 598.

"[A] court must use caution in exercising its discretion to place records under seal. Its decision must be made in light of the strong presumption that all trial proceedings should be subject to scrutiny by the public." *United States v. Holy Land Found. for Relief and Dev.*, 624 F.3d 685, 689-90 (5th Cir. 2010) (quotation marks and citations omitted). "Closed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness." *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 509 (1984). "In determining whether to restrict the public's access to court documents, the court must 'weigh[] the interests advanced by the parties in light of the public interest and duty of the courts.'" *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356-57 (Fed. Cir. 2011) (quoting *Nixon*, 435 U.S. at 602). "The principle of public access to judicial records furthers not only the interests of the outside public, but also the integrity of the judicial system itself." *Holy Land*, 624 F.3d at 690 (citation omitted); *see also United States v. Nix*, 976 F. Supp. 417, 420 (S.D. Miss. 1997) ("'People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing.'") (quoting *Press-Enterprise*, 464 U.S. at 509).

**II.     Discussion**

Relators argue that placing this case under seal is the only way to avoid damaging their hard earned reputations within the healthcare industry and protect themselves and their families from retaliatory action. These concerns may be well founded, but alone they are insufficient to overcome the public right to access judicial records.

"In general, courts refuse to allow a party to proceed anonymously simply because of fears of embarrassment or vague, unsubstantiated fears of retaliatory actions by higher-ups."

*United States ex rel. Grover v. Related Companies, LP*, 4 F. Supp. 3d 21, 29 (D.D.C. 2013)

(quotation marks and citation omitted).

> [T]he Court does not believe that Plaintiff-Relator's fear of retaliation by her current employer or future employers is sufficient to overcome the strong presumption in favor of access to judicial records. Indeed, to conclude otherwise would ignore that Plaintiff-Relator's amorphous concern is no different from the concern any employee may have when she sues her employer for whatever reason. Furthermore, should Plaintiff-Relator be retaliated against by her current employer or future employers for filing this qui tam action, she is not without legal recourse.

*United States ex rel. Herrera v. Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782, 785-86 (E.D. Mich. 2008) (quotation marks, brackets, and citation omitted).

Here too relators' concerns are generalized apprehensions of future retaliation. Each of these three relators submitted a nearly identical declaration to the Court, containing imprecise concerns of reprisal from employers in the healthcare industry at large. They each fear the loss of indefinite future employment opportunities, but do not specify how they would suffer such loss aside from damaging a professional relationship with a single healthcare industry recruiter—a non-party to this suit. Importantly, as noted in *Herrera*, relators are not without legal remedies. For example, in the event of retaliation by current or future employers, relators may turn to the False Claims Act itself for legal recourse. *See* 31 U.S.C. § 3730(h); *see also United States v. ex rel. Permison v. Superlative Tech., Inc.*, 492 F. Supp. 2d 561, 564 (E.D. Va. 2007) ("[T]he law provides other possible remedies, including tortious interference with contract or business relations, and defamation, in the event [defendants] were to attempt to poison the industry waters for [relators]."). Relators' concerns do not overcome the strong presumption in favor of public access to court records. Accordingly, the Court denies relators' motion to seal the case.

Relators' alternative request—to allow them to submit a redacted complaint devoid of all personally identifying information—would achieve the same effect of sealing the case. *See, e.g.*,

*Herrera*, 665 F. Supp. 2d at 786 ("Plaintiff-Relator's request for a wholesale redaction of all identifying information is tantamount to maintaining a permanent seal over all of the documents filed in this action."). Therefore, the reasons discussed above apply with equal force to relators' alternative request.

**III.    Conclusion**

Relators' motion to seal or in the alternative submit a redacted complaint for publication is denied. Docket No. 16. By Order entered August 30, 2016, this Court unsealed: (1) Relators' Complaint; (2) Relators' Notice of Voluntary Dismissal; (3) the United States' Notice of Consent to Relators' Voluntary Dismissal; and (4) the Court's Order of August 30, 2016. Therein, the Court maintained under seal all other papers in this action filed prior to that Order. Having denied relators' present motion, the Order of August 30, 2016 shall take effect this day.[1]

IT IS FURTHER ORDERED that all matters occurring in this action after the Order of August 30, 2016 be unsealed and made public.

**SO ORDERED**, this the 20th day of March, 2017.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[1] On the evening of August 30, 2016, the Court re-sealed the entire record to allow relators adequate time to brief and file papers concerning their present motion to seal.